BRUCE W. THAIN, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendant. THOMAS COPPOLA et al., Respondents, v. CITY OF NEW YORK, Appellant.—

546

Hopkins, Brennan and Benjamin, JJ., concur; Christ, P. J., dissents and votes to reverse the interlocutory judgment and dismiss the complaints of plaintiffs against the City of New York, with the following memorandum: In the course of a high-speed automobile chase through city streets, the acts and omissions of the police officers involved, reflected upon in tranquility, will rarely, if ever, be such as to escape plausible suggestions as to how the pursuit might have been conducted in a safer manner. The emergent nature of the undertaking permeates it with any number of choices between alternative courses of action, all of which have more or less merit, while simul-

taneously eliminating the time for reflective choice or, indeed, for reflection at all. For example, if the officers fail to apply direct force to the driver of the fleeing car or to the vehicle itself, their restraint may later become a source of fault (cf. *Jansen* v. *State of New York*, 60 Misc 2d 36, 43, affd. 32 A D 2d 889). On the other hand, a proposal by an officer to use direct force may be later employed to indicate irresponsibility on his part (cf. *Stanton* v. *State of New York*, 26 N Y 2d 990 [Burke, J., dissenting]). In the instant case, we are affirming a judgment against the City of New York solely because the pursuing officers did not have their siren and flashing lights in operation when the accident occurred. Yet, in *Murphy* v. *City of New York* (16 A D 2d 678), on virtually identical facts, we affirmed a dismissal of the complaint against the city. In *Stanton* v. *State of New York* (*supra*), where a State Trooper conducted a chase at speeds up to 100 m.p.h. with his roof light and headlights off while proceeding south in the northbound side of a four-lane highway on a holiday weekend, the trooper was held not negligent. If the trooper's conduct in *Stanton* was not sufficient to impose liability on the State, it is inconceivable that the city can or should be held in this case. Whether the analysis proceeds in terms of governmental duty (cf. *Riss* v. *City of New York*, 22 N Y 2d 579, 581; *Murphy* v. *City of New York*, *supra*); or proximate cause (cf. *Stanton* v. *State of New York*, 29 A D 2d 612, 613-614, affd. 26 N Y 2d 990, *supra*; *Wrubel* v. *State of New York*, 11 Misc 2d 878, 879-880); or the standard of responsibility set forth in subdivision (e) of section 1104 of the Vehicle and Traffic Law ("reckless disregard for the safety of others"); or public policy alone (cf. *Tobin* v. *Grossman*, 24 N Y 2d 609, 619; *Williams* v. *State of New York*, 308 N. Y. 548, 557), this interlocutory judgment should be reversed and the complaints of plaintiffs against the City of New York dismissed. (Beldock, P. J., deceased.)