■ ROGER SELKOWITZ et al., Respondents, v COUNTY OF NASSAU, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from (1) an interlocutory judgment of the Supreme Court, Nassau County, dated May 7, 1976, which is in favor of the plaintiffs and against it, upon a jury verdict, on the issue of liability only and (2) an order of the same court, entered August 6, 1976, which denied its motion for a new trial on the basis of newly discovered evidence. Interlocutory judgment and order affirmed, with one bill of costs to plaintiffs-respondents. On May 7, 1972, at approximately 3:00 A.M., the Volkswagen automobile in which the plaintiffs were passengers was one of several cars which had stopped for a red light in the southbound lanes of Grand Avenue in Baldwin, Long Island, at the intersection with North William Street. At the same time, a speeding Lincoln automobile, which was being pursued by a Long Island State Parkway police officer, and was traveling south on Grand Avenue in the northbound lanes, veered into the southbound lanes and crashed into the automobiles waiting at the intersection. Police Officer Donley of the Nassau County Police Department, responding to a radio call to assist in the pursuit of the Lincoln, was proceeding north on Grand Avenue in the northbound lanes from a point south of the intersection with North William Street. The plaintiff testified that, shortly before the accident, Donley positioned his patrol car diagonally across the two northbound driving lanes alongside the stopped cars so that it blocked the path of the Lincoln. Donley testified that he had pulled over and stopped his car in the parking lane a few feet north of the intersection. The trial court charged the jury on negligence generally,

stating, *inter alia:* "And with regard to the claimed negligence of the defendant, I charge you as follows: A police officer has the right and duty to use all reasonable means necessary to perform his duties. In discharging his duties, however, he is obligated to use due care. It is for you, the jury, to determine whether under all of the circumstances of this case, Patrolman Donley used reasonable care in operating his vehicle and performing his duties at the time of the accident. You must consider whether under all the circumstances present at that time he used due care and acted reasonably in the manner in which you find he positioned his police vehicle. If you find that he acted reasonably and exercised due care, then you would find that he was not negligent. Conversely, if you find that Patrolman Donley failed to act reasonably and exercise due care on the facts of this case, you will find him to have been negligent." Pertinent portions of section 1104 of the Vehicle and Traffic Law, dealing with authorized emergency vehicles, were read to the jury and the jury was then instructed: "If a reasonably prudent person could not foresee any injury as a result of his conduct or if his conduct was reasonable in the light of what he could foresee, there is no negligence. Conversely, there is negligence if a reasonably prudent person could foresee injury as a result of his conduct, and his conduct was unreasonable in the light of what he could foresee." The main issue was one of credibility and was essentially a jury question. The charge, while not as detailed as might be desired, was adequate. The Trial Judge presented the issues fairly to the jury and the jury found for the plaintiffs. The trial court's denial of the defendant's application for a new trial on the basis of newly discovered evidence constituted a proper exercise of discretion. Rabin, Suozzi and Mollen, JJ., concur; Martuscello, J. P., concurs in the affirmance of the order, but otherwise dissents and votes to reverse the interlocutory judgment and to grant a new trial, with the following memorandum in which Cohalan, J., concurs: On May 7, 1972, at about 3:00 A.M., a speeding Lincoln automobile which was being pursued by a Long Island State Parkway police officer was traveling south on Grand Avenue, Baldwin, in the northbound lanes, when it veered and crashed into several cars, including a Volkswagen, which were stopped for a red light in the southbound lanes on the north side of the intersection with North William Street. Plaintiff Roger Selkowitz, a passenger in the rear of the Volkswagen, testified that just before the accident a patrol car belonging to the Police Department of the defendant Nassau County had been positioned diagonally across the northbound driving lanes alongside the Volkswagen so that it blocked the path of the Lincoln. Police Officer Donley of the Nassau County Police Department, who was responding to a radio call to assist in the pursuit of the Lincoln, had been proceeding north on Grand Avenue south of the intersection with North William Street. He testified at his examination before trial that he did not learn that the Lincoln was proceeding southbound on Grand Avenue until shortly before he reached the intersection; that he reached the intersection seconds before the collision; that he saw the Lincoln 500 feet away speeding south at about 75 to 80 miles per hour, with the parkway police car behind it; and that he pulled over to the right and stopped his car in the parking lane a few feet north of the intersection (there were two lanes for northbound traffic in addition to the parking lane). There was expert testimony, given over objection, by a former police captain, that it was not proper police practice to park the patrol vehicle in either the driving lanes or the parking lane and that Donley should have left Grand Avenue at the intersection and taken a position where he would not have jeopardized moving traffic. The court charged the

jury: "Applying these rules to the facts of this case, I charge you that if you find that Patrolman Donley, acting with reasonable prudence, could, or should have foreseen an accident as a result of the manner in which he stationed his vehicle at the time of the accident, or if his conduct was otherwise unreasonable in the light of what could have been foreseen, your finding will be that the defendant was negligent." The defendant duly excepted. The jury returned a verdict in favor of the plaintiffs on the issue of liability. In my opinion the trial court erred in permitting the plaintiffs' expert to testify that it was improper police practice for Officer Donley to position his car in the parking lane adjacent to the curb on the northbound side. This issue was within the province of the jury, as a group of adult persons of average intelligence with all the facts before them could form a conclusion (see Richardson, Evidence [Prince, 10th ed], § 367), and to add the weight of an expert's opinion thereon may well have been prejudicial. It is impossible to determine whether the verdict was based on the jury's acceptance of the plaintiffs' testimony that Donley positioned his car so as to block the driving lanes, or whether the jury accepted Donley's testimony that he stopped in the parking lane and based its verdict, in part, on the expert's improperly admitted opinion. There were also serious errors in the charge. It was inadequate in that it was too general and did not sufficiently relate the law to the testimony (see *Green v Downs,* 27 NY2d 205, 208-209). Further, in addition to reading to the jury the statutory provisions with respect to authorized emergency vehicles, the court should have included a charge on the standard of care in an emergency situation (see PJI 2:14; see, also, *Thain v City of New York,* 35 AD2d 545, 546, affd 30 NY2d 524; *Stanton v State of New York,* 26 NY2d 990, 992; *Myers v Town of Harrison,* 438 F2d 293, cert den 404 US 828). "While hindsight can often furnish reasons for following one course or another, the acts of the [police officer] here must be considered as of the time when, and circumstances under which, they occurred" *(Stanton v State of New York, supra,* p 991). If the officers use their best judgment, "no liability will attach to their acts, even though hindsight might disclose alternate methods that may have been safer for the public bystanders" *(Thain v City of New York,* 35 AD2d 545, 546, *supra).* I agree with the majority that the trial court properly exercised its discretion in denying the defendant's application for a new trial on the basis of newly discovered evidence.