■ Sara L. Gaynor et al., Respondents, v State of New York, Department of Public Works, Appellant: (Claim No. 50757.)—Appeal from a judgment in favor of claimants, entered April 26, 1971, upon a decision of the Court of Claims. Claimant, Sara Lee Gaynor, was driving eastbound on Interstate Route 287 when her automobile collided with a tractor which was mowing the grass in the center mall. The highway consisted of three lanes in each direction, four feet wide shoulders between the innermost lanes and the mall, and a grass mall 16 feet wide. The tractor was moving slowly west, its mower extended to the right onto the mall and its left wheels on the edge of the eastbound lane closest to the mall. Claimant, alone in her vehicle, was approaching the work site in the lane next to the mall. According to her uncontradicted testimony, she was traveling at 50 miles per hour, about 125 feet behind a tractor trailer combination (some seven feet wide and 10 feet high), when the tractor trailer suddenly moved into the center lane, revealing a sign marked "Road Work Ahead", the mowing tractor, and rubber cone markers which protruded halfway into the mall lane. Claimant followed the truck into center lane, but because it slowed quickly and because the right lane was occupied by other traffic, she had to swerve back into the mall lane where the collision occurred. The distance

between the sign and the point of collision was only about 225 feet. The Court of Claims found, and the State does not dispute, that the sign and the rubber cones gave inadequate notice of the hazardous situation. However, it is urged that the inadequate notice was not the proximate cause of the collision, and, in any event, the claimant was contributorily negligent. As for the supposed lack of causal connection, the State argues that since the claimant saw the sign and the mowing tractor in time to turn into the center lane, the warnings posted by the State (although inadequate in the abstract) in fact succeeded in guiding her into the center lane. Thus, reasons the State, the inadequate warning did not cause the collision. Although the claimant managed to escape to the center lane, the inadequate warning forced her into a precarious situation. The heavy traffic on this expressway was funneled into two lanes without adequate notice, requiring the tractor trailer and, consequently, the claimant to slow down precipitously. Thus, even if the truck driver was partially responsible, the State's negligence was at least a concurrent cause of the collision (see, e.g., *Thain v City of New York*, 35 AD2d 545, affd 30 NY2d 524). The argument that the claimant's own negligence contributed to the accident must also fall. The State's negligence created a hazardous condition from which the claimant failed to free herself. "In sudden and unexpected circumstances where an actor is left little or no time for thought * * * and cannot weigh alternative courses of action, he cannot reasonably be held to the same conduct as one who has had full opportunity to reflect (Prosser, Law of Torts [4th ed], § 33, p 169 [citation omitted])." *(Amaro v City of New York,* 40 NY2d 30, 36.) Given the emergency and the alternatives available, the claimant's desperate attempt to avoid any collision by swerving into the innermost lane was not negligence. Nor can it be said that claimant placed herself in peril by following too close behind the trailer. She was traveling at 10 miles per hour below the speed limit and 125 feet behind the trailer. Traffic was heavy, so it may well have been difficult to allow more than 125 feet between vehicles. The Court of Claims was justified in finding that claimant did not bring the emergency upon herself. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Larkin, JJ., concur.