MICHELE A. SIMMEN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59476.) (And One Other Appeal.)

Third Department, July 9, 1981

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Henderson G. Riggs, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for appellant.

*Frank A. Cissi (Salvador J. Capecelatro, Jr.,* of counsel), for respondent.

OPINION OF THE COURT

KANE, J. P.

Claimants were injured when the automobile in which they were riding was struck by a vehicle being pursued by a State trooper. The sole issue on this appeal is whether the actions of the trooper were negligent and a proximate cause of their injuries.

The events leading up to this tragic occurrence are not in substantial dispute.

At about 1:00 A.M. on Monday, July 23, 1973, a State Police vehicle operated by Trooper Francis A. DiNuzzo was proceeding northerly on the Albany-Shaker Road near its intersection with New York State Route 7, a four-lane highway. He was on routine patrol in a familiar area. As he approached the traffic control signal at the intersection, he observed an automobile, later discovered to be operated by John F. Plante, moving easterly on Route 7. It failed to stop for the light, which was red at the time, and passed through the intersection at an estimated speed of 65 to 70 miles per hour. DiNuzzo turned right and accelerated, regained sight of the Plante vehicle, and followed some 10 to 15 car lengths behind it, traversing a total distance of about one and one-half miles. During this interval his partner, Trooper Sweeney, operated equipment designed to measure the speed of moving automobiles. Observing no other traffic on the highway. DiNuzzo then activated his siren and flashing red lights. The Plante vehicle immediately accelerated from 70 to approximately 110 miles per hour, and a high speed pursuit ensued for about one mile with little change in the distance separating the two automobiles. At a point just west of the intersection between Route 7 and the Northway (Interstate 87), with no apparent reduction in speed, the Plante vehicle suddenly went out of control and crashed into claimants' automobile. Headed in the opposite direction, they were stopped preparing to turn left onto the southbound lanes of the Northway when so permitted by a traffic light. Claimant Michele A. Simmen sustained serious and permanently disabling injuries; those suffered by her husband, claimant Robert G. Simmen, were less severe. There was no contact between the State Police vehicle and any other involved in this occurrence. The weather was clear and the road surface was dry.

During the trial of the claims, each side offered expert testimony on the issue of whether Trooper DiNuzzo followed proper police procedure in his pursuit of the Plante car. Both experts were duly qualified, but their respective opinions were in conflict. The Court of Claims found Trooper DiNuzzo guilty of actionable negligence, and the high speed chase a proximate cause of the collision and the resulting injuries to claimants. However, its decision did not place

any particular reliance on the expert's views. That of a State Police captain who taught pursuit driving at the State Police Academy was given detailed consideration without being permitted to control the outcome, while that of a former Syracuse police officer who was admittedly unfamiliar with State Police policies was not even mentioned. Instead, the Court of Claims rested its determination on three factors; the failure of the trooper to stop the Plante vehicle immediately rather than allow it to proceed for one and one-half miles while an accurate reading was obtained from tracking equipment, especially since the trooper well knew the Northway intersection was ahead; the failure of DiNuzzo or Sweeney to obtain the license number of the Plante vehicle may have necessitated the continuing pursuit; and the failure to discontinue the chase as both vehicles approached the vicinity of the Northway intersection. After a careful review of the record, we arrive at a different conclusion as to the liability of the State for this ill-fated accident.

The conduct of police officers while in pursuit of another vehicle is circumscribed by provisions of the Vehicle and Traffic Law (see Vehicle and Traffic Law, § 1104, subds [b], [d], [e]) and by the particular departmental training that each receives. When the time arrives to examine the degree of competence and care exercised in the performance of their functions in cases such as this, the rule that must be followed—simple to state but often difficult to apply—is that the actions of the police officer are to be considered as of the time and under the circumstances in which they occurred, not by subsequent facts or in retrospect *(Stanton v State of New York*, 29 AD2d 612, affd 26 NY2d 990).

In the matter at hand, since motorists generally obey the directions of a police officer, Trooper DiNuzzo had every right to anticipate that the vehicle he followed would pull over and stop when he signaled it to do so. Moreover, he cannot be faulted for tracking the Plante vehicle for one and one-half miles to ascertain its exact speed. Some time obviously elapsed before he reacquired contact with it and he had no special reason to believe or expect that the operator would behave as he subsequently did. Thus, we must disagree with the first factor upon which the Court of

Claims attributed its finding of actionable negligence against the State. The second mentioned factor likewise fails to establish any neglect and for the same reason. Knowledge or ignorance of a license plate number, which does not serve to identify a driver, plainly had nothing to do with the timing of DiNuzzo's initial effort to stop a speeding vehicle.. While such information might conceivably have a bearing on whether to eventually discontinue a high speed pursuit, the officer was not obliged to speculate at an earlier time that Plante might decide to flee. Nor can the trooper be charged with negligence in pursuing the vehicle once it accelerated. No other traffic impeded such action, and it took place at an early hour of the morning when congestion was unlikely. True, the presence of other motorists could be foreseen, but the likelihood of that condition had to be weighed against the danger posed by doing nothing. Given the distance involved, less than a minute elapsed before the collision occurred. The State cannot be cast in liability for the acts of Plante in proceeding at over 100 miles per hour; it can only be responsible if the trooper proximately caused the resulting accident by negligent means (*Stanton v State of New York, supra*). Here, the record demonstrates compliance with the prevailing standard of care (cf. *Selkowitz v County of Nassau*, 45 NY2d 97, 101) and, while the Plante vehicle might have slowed sufficiently to avoid the mishap had another officer chosen to discontinue the chase, we are of the view that Trooper DiNuzzo's conduct under the known circumstances was not unreasonable (see *Strobel v State of New York*, 36 AD2d 485, affd 30 NY2d 629). Therefore, we disagree with the ultimate factual determination of the Court of Claims and dismiss the claims.

The judgments should be reversed, on the law and the facts, and the claims dismissed, without costs.

MIKOLL, J. (dissenting). I respectfully dissent.

The privilege given to authorized emergency vehicles to disobey traffic laws does not prevent recovery for damages caused by the negligence of the driver of such a vehicle. While the police here had the duty to undertake the pursuit. they were not immune from their own acts of negligence

in the operation of the vehicle which factually might be found to be a proximate or concurrent proximate cause of the accident. Whether a driver is negligent is a question to be resolved by the trier of fact *(Thain v City of New York*, 35 AD2d 545, affd 30 NY2d 524).

There was sufficient evidence here to support the trial court's finding that Trooper DiNuzzo's negligence was a concurrent proximate cause of the accident. The trooper testified that he was familiar with Route 7 and was aware that the pursued car and his vehicle were going toward the intersection of the Northway with Route 7 where the speed limit was 25 miles per hour and that cars from the east on Route 7 would have to cross his lane to enter the Northway. He was aware, as well, of the construction on Route 7. Assistance was on the way from the Colonie Police. Nonetheless, he pursued the Plante vehicle for a mile and a half before attempting to stop it so as to obtain a VASCAR reading. As a result, he chased the Plante car at 110 miles per hour into a 25-mile per hour zone and into a busy intersection. Though the chase occurred at 1:00 A.M., there were three cars waiting at the intersection to enter the Northway from Route 7. The Court of Claims aptly noted, "it must be seen as virtually certain that a catastrophic accident would occur [either at the Northway or the Latham Circle] if the chase were continued" farther than a quarter mile west of the Northway.

According to the expert testimony of the claimants' expert, the trooper violated State Police guidelines. The trier of fact, in a proper exercise of his function, weighed this testimony against the conflicting opinion of the expert offered by the State and found it more credible. There is no reason to disturb such finding.

The judgments should be affirmed.

MAIN, CASEY and YESAWICH, JR., JJ., concur with KANE, J. P.; MIKOLL, J., dissents and votes to affirm in an opinion.

Judgments reversed, on the law and the facts, and claims dismissed, without costs.