■ WALLACE P. MITCHELL et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 66340.) — Casey, J. Appeal from a judgment of the Court of Claims (Koreman, P. J.), entered March 16, 1984, which dismissed the claim.

In the afternoon of November 29, 1981, a passing motorist reported the reckless operation of a red Buick vehicle to State Trooper Robert Benjamin, who was patrolling in and around the Village of Fort Covington, Franklin County. At about 5:15 P.M., Trooper Benjamin spotted the vehicle on Route 37 in the west end of the Village. At a speed estimated to be 60 to 70 miles per hour, it overtook and passed the troop car from the rear and proceeded westerly, weaving from side to side of the road and almost rear-ending another vehicle. At this time the trooper undertook pursuit of the vehicle. Speeds of 70 to 100 miles per hour were reached. At one point, when the Buick turned sharply right on Drum Street Road, the trooper moved close enough to obtain the Buick's license plate number, but not to identify the occupants, who began throwing beer bottles out of the window as the car zig-zagged down the center of the roadway at a speed of 100 miles per hour. When the vehicle again reached 100 miles per hour, the trooper turned off his revolving red lights and siren, discontinued the pursuit, "slowed down" and "backed off", but had the vehicle in sight. At the intersection of Drum Street Road and Crook Road, the trooper stopped his car, turned off all lights and lost visual contact with the Buick, which had turned left onto Cook Road. The trooper remained stopped for only about 10 to 15 seconds to convey the impression that the chase had been discontinued. When he resumed pursuit on Cook Road, the trooper claims it was at no more than 50 miles per hour and from 500 feet behind the Buick.

Cook Road is a dirt road at its intersection with Drum Street Road, but becomes paved and about 12 feet wide after about one tenth of a mile. At a curve in Cook Road, near the residence of Bernie Cook, the Buick collided head-on with a vehicle proceeding in the opposite direction, operated by claimant Wallace P. Mitchell. The trooper claimed that he was still 500 feet behind

the Buick at the time of the accident. A witness Theodore Cook, testified that the Buick and troop car were about a car length apart and proceeding at about 35 to 40 miles per hour. A traffic engineering expert for claimants testified that, in his opinion, the design of Cook Road was inadequate and this defect was a proximate cause of the accident. However, the Court of Claims rejected this testimony for its failure to consider the speed of the vehicle. It also found that defective road design was not a proximate cause of the accident. In regard to the trooper's pursuit, the court held that although the pursuit had not been discontinued at the time of the accident, such pursuit was not a proximate cause thereof. The claim was dismissed and this appeal by claimants ensued.

We agree with the determination of the Court of Claims. Upon reviewing the record and weighing the evidence presented, we conclude that the findings of fact made by that court should not be disturbed (*see, Arnold v State of New York,* 108 AD2d 1021). The conduct of police officers in pursuit of other vehicles is governed by Vehicle and Traffic Law § 1104 (a), (b), (d), (e) and by departmental training (*Simmen v State of New York,* 81 AD2d 398, 400, *affd* 55 NY2d 924). The statute grants certain privileges to such officers, which include exceeding speed limits, passing through control signals and disregarding regulations that direct movement. However, these privileges do not absolve such officers "from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]). The State Police Field Manual requires troopers who undertake pursuit to "use all emergency lights and the siren" (New York State Police Field Manual, art 30-B 2 [d] [1]).

In the circumstances confronting him, it was not unreasonable for Trooper Benjamin initially to undertake pursuit of the Buick in an effort to apprehend its driver, whose operation posed a serious threat to the other users of the highway, to the occupants of his vehicle and to himself. At the time of claimant's accident with the Buick, whose driver was later identified as one Francis Lazore, it was the testimony of the trooper that he was following the Buick at a speed of about 50 miles per hour. This speed was generally confirmed by the witness Theodore Cook, who observed the Lazore vehicle and the troop car proceeding at about 35 to 40 miles per hour, with the troop car about a car length behind. Although it is undisputed that Trooper Benjamin was not then using his siren and emergency lights, in contravention of departmental regulations, his failure to do so at that

time, even if considered negligent, cannot be said to have risen to the level of reckless disregard for the safety of others, which is the standard required to find him responsible for the accident (*Selkowitz v State of New York,* 55 AD2d 709), as found by the Court of Claims.

It was also proper for the Court of Claims to conclude that this failure was not a proximate cause of the accident (*Stanton v State of New York,* 29 AD2d 612, *affd* 26 NY2d 990), for the uncontested testimony reveals that all that Trooper Benjamin was doing on Cook Road was following the Lazore vehicle at a speed that was neither dangerous nor unreasonable in the circumstances. Simply stated, there has been no showing that the conduct of Trooper Benjamin at the time of the accident caused or contributed to its happening in any way.

As to claimant's contention that Cook Road was not properly designed and maintained, it, too, is meritless. There was no showing that this road could not be traversed safely at its 35-mile-per-hour speed limit, or that it was improperly designed or constructed at the time it was built, or that it was the site of numerous other accidents. Cook Road was generally in good condition, despite its narrowness, and the Court of Claims properly determined on the evidence that its condition did not proximately cause or contribute to the accident. Accordingly, the judgment should be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.