**Brenda Ann TRAVIS, Individually and as Next Friend of Jason Wayne Travis, Amanda Michelle Travis, and Angela Gwynn Travis, Her Minor Children, and Tony Lozano and Consuelo Lozano, Individually and on Behalf of the Estate of Leonel Lozano, Deceased, Appellants,**

v.

**The CITY OF MESQUITE, Texas, Sgt. Sam McDonald, Officer Jim Duckworth, Sgt. Westal Ashby, and Officer Johnny McClure, Appellees.**

No. 05–87–00923–CV.

Court of Appeals of Texas, Dallas.

Jan. 9, 1989.

Rehearing Denied Feb. 21, 1989.

Darrell Panethiere, Edward H. Moore, Jr., Richard N. Countiss, Dallas, for appellants.

Ronald D. Wren, Edwin E. Wright, III, Dallas, for appellees.

Before ENOCH, C.J., and HECHT[1] and THOMAS, JJ.

---

1. The Honorable Nathan L. Hecht, Justice, concurred in the result of this opinion prior to the end of his term on December 31, 1988.

ENOCH, Chief Justice.

Tony Lozano and Consuelo Lozano, individually and on behalf of the estate of the deceased, Leonel Lozano, and Brenda Travis, individually and as next friend of her minor children, appeal an adverse summary judgment granted in their wrongful death and personal injury suit against appellees, the City of Mesquite, Texas, and Mesquite police officers McDonald, Ashby, Duckworth and McClure. Appellants complain, in twelve points of error, that (1) the summary judgment did not dispose of all issues in the case and, hence, was not an appealable judgment; (2) summary judgment was improper on the grounds asserted by the City of Mesquite and the Mesquite police officers in their summary judgment motion; and (3) the trial court erred in failing to grant their special exception to appellees' summary judgment motion. Appellants have failed to demonstrate error in the trial court's action. Accordingly, we affirm the judgment of the trial court.

### Facts

The suit arose out of a collision between Brenda Travis' car and a car driven by Stephen Adkins. Shortly before the collision, Adkins was driving through the back lot of a truckstop. Mesquite police officers McClure and Ashby, who were working off-duty as security guards for the truckstop, stopped Adkins and approached his car. After asking Adkins and his two passengers for identification, the officers directed Adkins to drive his car to the front lot of the truckstop and wait there for the officers. Adkins drove through the front lot but accelerated out into the street in an attempt to leave the scene. The officers hopped in their car and pursued Adkins while notifying the Mesquite Police Department by radio. Officers Duckworth and McDonald heard the radio call and joined the chase. With the officers following, Adkins turned the wrong way onto a one-way highway access road and continued to flee at a high rate of speed. Cresting a hill, Adkins crashed head on into Travis' car killing Leonel Lozano and injuring Travis and other passengers. One fact appellants consider critical to their case is that they assert that one of the police cars was not using its siren during the chase. However, it is undisputed that at the time of the accident, the trailing police cars were behind the crest of the hill, were not involved in the accident, and none of the officers saw the collision before they arrived at the scene.

### Case Posture

To redress their injuries and damages, appellants initially brought suit against Adkins, Adkins' two passengers, the four police officers, the City of Mesquite, the manufacturer of the police car sirens, and the truckstop. Appellants nonsuited their causes of action against the manufacturer, and the trial court granted summary judgment against appellants on their causes of action against the truckstop which claims were severed.

Appellants' suit continued against the police officers and the City of Mesquite. This suit was based on the officers' and the City's alleged negligence and gross negligence, and included an action for violation of appellants' civil right to be free of bodily harm. 42 U.S.C. § 1983 (1982) (subsequently referred to as section 1983). Appellees answered, and moved for summary judgment on seven grounds. The first three grounds addressed appellants' causes of action for common-law negligence alleging: (1) no notice; (2) governmental immunity; and (3) police immunity under section 24 of article 6701d of the Texas Revised Civil Statutes. The last four grounds addressed appellants' claims under section 1983 claiming: (1) no negligence causes of action exist under section 1983; (2) adequate post-deprivation remedies; (3) no showing of policy or custom proximately causing injury; and (4) police officer immunity. The court granted a partial summary judgment disposing of appellants' section 1983 causes of action.

The City of Mesquite and the Mesquite police officers supplemented their motion for summary judgment and moved for reconsideration of their motion for summary judgment against appellants on their negli-

gence causes of action. The motion to supplement and reconsider stated two additional grounds against appellants on their common-law negligence actions: (1) lack of proximate cause and (2) the impossibility of respondeat superior liability of the City of Mesquite absent individual liability on the part of the police officers. The trial court granted leave to supplement the motion for summary judgment and agreed to reconsider its decision. After reconsideration, the trial court granted final summary judgment in favor of the City of Mesquite and the Mesquite police officers, and severed appellants' causes of action against them from appellants' causes of action against Adkins and his two passengers. Appellants brought this appeal.

### Proximate Cause

Appellants argue that summary judgment was improper because each of appellees' seven grounds for summary judgment was insufficient. In addition, they contend that the motion for summary judgment failed to address each of plaintiffs' claims for relief.

It is well settled that a defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to the plaintiff's cause of action. *See Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987). This may be accomplished by defendant's summary judgment evidence showing that at least one element of the plaintiff's cause of action has been established conclusively against the plaintiff. *See Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex.1987).

■ The essential elements of actionable negligence consist of the following: a legal duty owed by one person to another; a breach of that duty; and damage proximately resulting from such a breach. *Abalos v. Oil Development Co.*, 544 S.W.2d 627, 631 (Tex.1976); *Ronk v. Parking Concepts of Texas, Inc.*, 711 S.W.2d 409, 411 (Tex.App.—Fort Worth 1986, no writ); *Producers Grain Corp. v. Lindsay*, 603 S.W.2d 326 (Tex.Civ.App.—Amarillo 1980, no writ). Recognizing that proximate cause is an element common to each of appellants' causes of action, the City of Mesquite and the Mesquite police officers assert summary judgment was the proper disposition of this case because, as a matter of law, the police officers were not a proximate cause of the accident.

This Court has previously examined the issue of a police officer's liability to an innocent third party who is injured or killed in an accident involving a suspect being pursued by a police officer. *See Dent v. City of Dallas*, 729 S.W.2d 114 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). In *Dent*, the police officer stopped the suspect but did not immediately arrest him. The suspect then drove away, instigating a high speed chase. During the chase, the suspect ran a stop sign and collided with a car driven by plaintiffs' decedent who later died of his injuries. The Court, in that case, held that the sole proximate cause of the accident, as a matter of law, was the suspect's grossly negligent behavior in fleeing from the police officer and by ignoring all traffic laws during his flight until he crashed into the decedent. *Dent*, 729 S.W.2d at 116.

We consider *Dent* instructive in this case. *Dent* based its result on the conclusion that as a matter of law the suspect was the *sole* proximate cause of the injuries. However, we consider the better reasoning to be that, as a matter of law, in circumstances such as these, the police officers are not *a* proximate cause of the injuries. This is in accord with the authority in many of our sister states. *See West Virginia v. Fidelity & Casualty Co.*, 263 F.Supp. 88, 90–91 (S.D.W.Va.1967); *Bratt v. San Francisco*, 50 Cal.App.3d 550, 123 Cal.Rptr. 774 (1975); *Pagels v. City and County of San Francisco*, 135 Cal.App.2d 152, 153–156, 286 P.2d 877, 878 (1955); *Sammor v. Savannah*, 176 Ga.App. 176, 335 S.E.2d 434, 436 (1985); *Breck v. Cortez*, 141 Ill.App.3d 351, 95 Ill.Dec. 615, 621, 490 N.E.2d 88, 94 (1986); *Chambers v. Ideal Pure Milk Co.*, 245 S.W.2d 589, 590–91 (Ky.1952); *Mitchell v. New York*, 108 A.D.2d 1033, 1034, 486 N.Y.S.2d 97, 99 (1985); *Simmen v. New York*, 81 A.D.2d 398, 442 N.Y.S.2d 216, 218 (1981); *Wrubel*

*v. New York,* 11 Misc.2d 878, 879–81, 174 N.Y.S.2d 687, 689–90 (Ct.Cl.1958); Annot., *Liability of governmental unit or its officers for injury to innocent occupant of moving vehicle, or for damage to such vehicle, as result of police chase,* 4 A.L.R. 4th 865 (1981); Annot., *Liability of governmental unit or its officer for injury or damage from operation of vehicle pursued by police,* 83 A.L.R.2d 452 (1962). *Contra Tetro v. Town of Stratford,* 189 Conn. 601, 603–07, 458 A.2d 5, 7–8 (1983); *Fiser v. City of Ann Arbor,* 417 Mich. 461, 471–75, 339 N.W.2d 413, 417–18 (1983); *Kuzmics v. Santiago,* 256 Pa.Super. 35, 38–41, 389 A.2d 587, 589–90 (1978). With this refinement, we continue to follow the reasoning of *Dent.*

Appellants stress that *Dent* creates bad policy. They argue that the current rule encourages police officers to disregard the consequence of pursuing a fugitive. We disagree; to the contrary, we believe appellants' position would be bad policy. Many factors influence an officer's decision to pursue—his training, experience, and judgment, police policy, ordinances, statutes, etc. If an officer had to risk on peril of later answering in money damages whether a fugitive would be involved in an accident while being pursued, the officer would almost always be best advised not to give chase, irrespective of other factors. We do not hold that at no time may a police officer be held accountable for his actions. *See, e.g., Eubanks v. Wood,* 304 S.W.2d 567 (Tex.Civ.App.—Eastland 1957, writ ref'd n.r.e.). We hold only that police officers are not insurers for the conduct of the suspects they pursue. On the undisputed facts of this case, the officers' actions were not a proximate cause of the collision of the criminal suspect's vehicle with the victim's vehicle.

■ We are cognizant of the siren issue raised by appellants. The failure to use the siren, so they argue, deprived Travis of the opportunity to be alerted to dangerous circumstances approaching. However, a siren alerts citizens of the approach of emergency vehicles, not that someone is intentionally driving the wrong way on a one way street. Specifically, in this case the police were trailing the suspect. Whether two sirens could have been heard where one siren could not is arguable, but irrespective of this, the absence of that siren could in no way have contributed to Travis anticipating that over the hill, at a high rate of speed, coming headlong at her, was a fugitive. As a prudent driver, whatever options of evasive action, if any, Travis would have had available to her when faced with Adkins' vehicle, she still had. Nothing about the police officers' conduct limited Travis' opportunity to react to the emergency created by Adkins.

Following *Dent,* we hold that the officers' conduct in electing to pursue the lawbreaker was, without their direct involvement in the collision, as a matter of law, not a proximate cause of appellants' damages. Accordingly, the City of Mesquite and the Mesquite Police Officers were properly granted a summary judgment on appellants' causes of action for common law negligence and for appellants' claims under section 1983.

The judgment of the trial court is affirmed.

THOMAS, J., dissents.

THOMAS, Justice, dissenting.

"More than 500 Americans die and over 1,000 sustain major injuries each year as a result of rapid police pursuit of lawbreakers, most of whom are guilty of only minor traffic offenses ... one pursuit in five leads to a traffic fatality (and) in only one percent of the cases was someone in the car wanted for violent crimes."[1] Despite the prevalence and gravity of this situation, the majority wishes to insulate the police from liability to the injured innocents. I cannot agree that the injuries suffered by Brenda Travis and her children, and the

---

**1.** *Kuzmics v. Santiago,* 256 Pa.Super. 35, 389 A.2d 587, 590 (1978) (citing Survey by Physicians for Automotive Safety reported to American Medical Association annual convention, June, 1968, quoted in MEYER, LAW OF VEHICLE NEGLIGENCE IN PENNSYLVANIA 4.32 (1970)).

death of Leonel Lozano, were not causally related to the police officers' conduct. Accordingly, I dissent.

The majority correctly states that a plaintiff, in order to prevail upon a negligence claim, must prove three essential elements: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damage proximately resulting from such a breach. *See Abalos v. Oil Development Co.,* 544 S.W.2d 627, 631 (Tex.1976). Although the majority only addresses the third element of this action, I will briefly address all the elements.

I note initially that the majority does not rely upon the holding in *Dent v. City of Dallas,* 729 S.W.2d 114 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), that a chasing police officer owes no duty to protect individuals from harm caused by a fleeing suspect. *Id.* at 116. Perhaps the majority is as troubled by this holding as I am. Certainly, the legislature cannot agree with the *Dent* court. The statutes pertaining to emergency vehicles involved in a chase provide as follows:

(a) Upon the immediate approach of an authorized emergency vehicle making use of audible and visual signals meeting the requirements of Section 124 of this Act, or of a police vehicle properly and lawfully making use of an audible signal only:

1. The driver of every other vehicle shall yield the right-of-way ... and remain in such position until the authorized emergency vehicle has passed.

\* \* \* \* \* \*

(b) This section shall not operate to relieve the driver of an authorized emergency vehicle from *the duty to drive with due regard for the safety of all persons using the highway.*

TEX.REV.CIV.STAT.ANN. art. 6701d, § 75 (Vernon 1977) (emphasis added). The legislature has also provided:

(b) The driver of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law ..., may exercise the privileges set forth

in this section, but subject to the conditions herein stated.

(c) The driver of an authorized emergency vehicle may:

1. Park or stand, irrespective of the provisions of this chapter;

2. Proceed past a red or stop signal or stop sign, *but only after slowing down as may be necessary for safe operation;*

3. Exceed the maximum speed limits *so long as he does not endanger life or property;*

4. Disregard regulations governing direction of movement or turning in specified directions.

(d) The exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use, at the discretion of the driver of the vehicle, in accordance with policies of the Department or the local government, of audible or visual signals meeting the requirements of Section 124 of this Act. ...

(e) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from *the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.*

TEX.REV.CIV.STAT.ANN. art. 6701d, § 24 (Vernon 1977 & Vernon Supp.1989) (emphasis added). Thus, I conclude that the drivers of emergency vehicles owe a duty to exercise reasonable care to all who share the roadway with them. *See Eubanks v. Wood,* 304 S.W.2d 567 (Tex.Civ. App.—Eastland 1957, writ ref'd n.r.e.).

Further, I note that fact issues exist as to the breach of the duty of reasonable care. Issues such as reasonableness are inherently issues for the jury, often precluding summary judgment. *Hunsucker v. Omega Industries,* 659 S.W.2d 692, 698 (Tex.App.—Dallas 1983, no writ). There are also fact issues as to whether the police officers were operating their sirens as required before they were entitled to take the liberties that emergency vehicles may take. The existence of these fact issues precludes a summary judgment on the issue of

breach of duty. *Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987). Thus, I conclude that the summary judgment cannot be sustained on the basis that either of the first two elements of a negligence action has been established conclusively against the plaintiffs.

The majority upholds the summary judgment in favor of the defendants on the third element: proximate cause. In so doing, this Court rewrites decades of Texas tort law. It is well settled that the two elements of proximate cause are cause in fact and foreseeability. *City of Gladewater v. Pike*, 727 S.W.2d 514, 517 (Tex.1987). Cause in fact means that the omission or act involved was a substantial factor in bringing about the injury and without which no harm would have occurred. *Pike*, 727 S.W.2d at 517. Foreseeability requires that the actor, as a person of ordinary intelligence, would have anticipated the danger that his negligent act created for others. *Pike*, 727 S.W.2d at 517; *Nixon v. Mr. Property Management Co.*, 690 S.W. 2d 546, 549–50 (Tex.1985). Foreseeability does not require that a person anticipate the precise manner in which injury will occur once a negligent situation that he has created exists. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex.1987); *Edwards Transfer Co. v. Brown*, 740 S.W.2d 47, 51 (Tex.App.—Dallas 1987), *aff'd*, 764 S.W.2d 220, 32 Tex.Sup.Ct.J. 108 (Dec. 7, 1988).

There can be more than one proximate cause of an injury. *All* persons who contribute to an injury are liable; the negligence of one does not excuse the negligence of another. *Poole*, 732 S.W.2d at 313; *Strakos v. Gehring*, 360 S.W.2d 787, 794 (Tex.1962). If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability. *McAfee v. Travis Gas Corp.*, 137 Tex. 314, 153 S.W.2d 442, 447 (1941). So long as the intervening action is foreseeable, it does not cut off the continu-

ing negligence and consequent liability of the initial actor. *Nixon*, 690 S.W.2d at 550. "Proximate cause" is not necessarily the immediate or nearest cause. *Galveston–Houston Breweries v. Naylor*, 249 S.W.2d 262, 268 (Tex.1952).

The majority holds that, as a matter of law, the police officers were not a proximate cause of the injuries. It appears that the majority would consider the officers the proximate cause of the injury only if the officers were "involved" in the accident, i.e., that the officers' vehicles physically contacted the injured parties' car. I cannot accept such a narrow zone of risk for negligent conduct. Under the majority's view, the bartender who served the intoxicated driver in *Poole* would only be liable if he were at the scene of the consequent accident; and the property manager who failed to provide locks for his doors in *Nixon* would only be legally negligent if he were "involved" in the rape in the vacant apartment. The supreme court did not reach such holdings in those cases; rather, the court held that the defendants' negligence set in motion events that led to the eventual injury of the plaintiffs. Thus, despite intervening action by third parties, the defendants proximately caused the injuries.

I conclude that it is illogical and inconsistent with existing Texas law to deny liability as a matter of law on the sole basis that the pursued vehicle, and not the police pursuer, was physically involved in the collision. In fact, as previously indicated, the legislature has apparently increased the applicable standard of care for drivers of emergency vehicles by providing that they shall operate their vehicles with "due regard for the safety of all persons using the highway." TEX.REV.CIV.STAT.ANN. art. 6701d, § 75(b) (Vernon 1977).

Further, the majority reaches unsubstantiated conclusions regarding the purpose of a police siren. I do not take issue with the majority's conclusion, as far as it goes. It certainly seems logical that the police should sound a siren to clear the roadway for the approach of emergency vehicles. I cannot agree, however, that this is the *only*

purpose for sounding a siren. It is equally logical that the police should sound a siren to signal the approach of pursued and pursuing vehicles traveling at excessive speeds or in the wrong direction on a one-way street.

The majority fails to address the well-settled rule that the requirements of proximate cause do not require a person to anticipate the precise manner in which injury will occur once his negligence creates the danger. *Poole,* 732 S.W.2d at 313; *Brown,* 740 S.W.2d at 51. The majority would surely agree, given their avowed view of the reasons for sounding a siren, that the failure to sound the siren would prevent a driver from getting out of the way of approaching emergency vehicles; thus, there would be negligence, including proximate cause, if the emergency vehicle struck an approaching car. Does it make the emergency driver less negligent because his failure to sound a siren prevented a car from getting out of the way of a vehicle he was pursuing? A collision, though perhaps not the precise manner of the collision, would be clearly foreseeable.

I would hold that the negligent and criminal conduct of the fleeing driver does not cut off the liability of the pursuing officers if that pursuit breaches the emergency vehicle operator's duty of care. I do not ask the majority to make the police insurers for the conduct of the suspects they pursue; however, when the officers are themselves negligent, and able to foresee the negligence of the suspect, I would not create exceptions to years of established law to insulate them from liability for the consequences of their negligence. The summary judgment should be reversed, and the Travises and Lozanos afforded an opportunity to present their case to a jury.