■ DENISE REILLY, Individually and as Mother and Natural Guardian of NICOLE REILLY, et al., Infants, Plaintiff, v J. F. GAM, INC., Doing Business as GAMBELLI'S 811 RESTAURANT, Defendant and Third-Party Plaintiff-Respondent. COUNTY OF WESTCHESTER, Third-Party Defendant-Appellant; CITY OF NEW YORK, Third-Party Defendant-Respondent, et al., Respondent. (And a Fourth-Party Action.)—In an action brought pursuant to General Obligations Law § 11-101, the third-party defendant the County of Westchester appeals from stated portions of an order of the Supreme Court, Westchester County (Walsh, J.), entered June 5, 1987, which, *inter alia,* denied its motion for summary judgment dismissing both the third-party complaint against it and the cross claims of the other third-party defendants.

Ordered that the order is modified, on the law, by deleting therefrom the provisions denying those branches of the appellant's motion which were to dismiss the third-party complaint as asserted against it, the cross claim of the third-party defendant Town of New Castle against it, and so much of the cross claim of the third-party defendant the City of New York against it as is not based upon its claim of contractual indemnification, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff's decedent was killed when the automobile in which he was the sole occupant crashed through a chain-link fence at the end of a service road affording access to Interstate 684, and eventually struck a tree located on property owned by the City of New York for use as a reservoir. Just prior to the accident, the deceased had been stopped by a Westchester County police officer who had observed that the car was being operated erratically. There is evidence that the deceased was intoxicated at this time. After being asked for his registration, the deceased waved the officer off, cursed, started his car and crashed through a parking gate. The officer pursued the deceased.

The plaintiff commenced an action against the defendant and third-party plaintiff J. F. Gam, Inc. (hereinafter Gam), alleging, *inter alia,* that Gam had sold intoxicating beverages to the deceased on the night in question, and had continued to sell or give them to him despite the knowledge that he was intoxicated. Gam then commenced the instant third-party action seeking contribution or indemnification against the third-party defendants, the County of Westchester, the Town of New Castle and the City of New York, asserting that the negligent construction, operation or maintenance of the roadway and abutting property in question constituted the proximate cause of the death. Additionally, and solely with respect to the third-party defendant County of Westchester, Gam alleged that the Westchester County police officer had failed to exercise reasonable care in his dealings with the deceased.

We find that the third-party defendant the County of Westchester was entitled to summary judgment dismissing the third-party complaint. It is axiomatic that a party seeking to avoid summary judgment must lay bare its proof *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967-968).

In this case, however, we find no evidence in the record to refute the evidence offered by the Director of Transportation Facilities for the County of Westchester, Arthur Ludwig, and the Assistant Superintendent of County Road Maintenance for the County of Westchester, James Johnson, to the effect that the State, not the county, was responsible for the maintenance of the service road where the accident occurred. Further, it is clear that the property where the automobile eventually came to rest was not owned by the county. While the county may have had a limited right of access thereto, no evidence in the record suggests that it was responsible to maintain it.

With respect to the cause of action based upon the actions of the Westchester County police officer, it appears clear that the officer's actions in first stopping the plaintiff's decedent for erratic driving, and subsequent pursuit when he almost immediately fled the scene, were neither reckless nor negligent as a matter of law, *(see, e.g., Stanton v State of New York,* 29 AD2d 612, 614, *affd* 26 NY2d 990; *Mitchell v State of New York,* 108 AD2d 1033, 1034).

We find, however, that the cross claim of the third-party defendant the City of New York should not be dismissed insofar as it is based upon contractual indemnification. Pursuant to the permit issued by the city to the county allowing the county to enter upon the property, the county was to hold the city harmless "from all injury to persons or property arising from this permit". As it cannot be said, as a matter of law, that liability based on the permit could not be imposed here that part of the city's cross claim should be permitted to stand. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.