■ GREGORY MASSIE, Respondent, v GENERAL MOTORS CORPORATION, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated August 4, 1980, dismissed, without costs or disbursements, as academic (see *Massie v General Motors Corp.,* 88 AD2d 1110). Weinstein, J. P., Gulotta, O'Connor and Rubin, JJ., concur.

■ MARGARET McCORMACK, as Administratrix of the Estate of ROBERT McCORMACK, Deceased, Respondent, v MOUNT SINAI HOSPITAL, Appellant, et al., Defendants. — In an action to recover damages for wrongful death and conscious pain and suffering, predicated upon theories of medical malpractice and simple negligence, defendant Mount Sinai Hospital appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated October 6, 1981, which denied its motion for a protective order vacating plaintiff's notice for discovery and inspection. Order modified by adding thereto, after the word "denied", the following: "except that the motion is granted as to item '(a)' and said item is vacated." As so modified, order affirmed, with $50 costs and disbursements to appellant. Upon the circumstances presented in this particular case, the plaintiff is not barred from seeking further discovery, notwithstanding that a note of issue and statement of readiness has been filed. The action was marked off the Trial Calendar in April, 1980, and the plaintiff, by order dated April 10, 1981 and affirmed by this court (*McCormack v Mount Sinai Hosp.,* 85 AD2d 596), was granted leave to serve an amended complaint setting forth a third cause of action charging simple negligence. Prior to service of the notice for discovery and inspection now in dispute, the parties executed a stipulation, pending the appeal from the April 10, 1981 order, which provided for additional discovery by the appellant. Clearly, the manuals and other written rules of the defendant hospital in effect in 1973 as to the use of wheelchairs in patient discharge procedures are material and necessary as to the care to be followed, and a violation of those manuals and rules would be admissible as evidence of negligence (see *Danbois v New York Cent. R. R. Co.,* 12 NY2d 234). However item "(a)" of plaintiff's notice sought copies of the manuals and written rules of the defendant hospital in effect in 1981-1982 as to the use of wheelchairs in patient discharge procedures; such current manuals and rules are not material and necessary to the prosecution of the plaintiff's action in negligence for an accident which occurred in 1973. Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.