◼ ROBERT R. RIGHTMYER, III, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 67599.) — Casey, J. Appeal from an order the Court of Claims (Murray, J.), entered July 25, 1984, which granted the State's motion for summary judgment dismissing the claim.

Claimant seeks to recover damages from the State for personal injuries sustained by him on September 3, 1982 when the automobile he was driving struck a tree off Orchard Street in the Town of Bethlehem, Albany County, while being pursued by a State trooper. The Court of Claims granted the State's motion for summary judgment, concluding that as a matter of law the State trooper's actions did not violate the appropriate standard of care and that, in any event, the trooper's conduct was not a proximate cause of the accident. We agree and are to affirm.

The undisputed facts reveal that the incident began when the trooper observed a vehicle turning onto Delaware Avenue. He noticed that the vehicle's inspection sticker had expired, and when he made eye contact with claimant, the driver, the trooper's suspicions were further aroused. Accordingly, he turned his troop car around and began to follow the vehicle, which immediately turned off onto a side street. As the trooper attempted to follow, he observed the vehicle back up rapidly on another side

street and then speed off down yet another street. At this point, the trooper activated the grille lights and siren on the troop car and broadcast over the radio that he was in active pursuit. The trooper observed the vehicle as it passed through a stop sign turning onto Orchard Street, where he lost sight of it. The trooper reduced his speed as he proceeded along Orchard Street, since the road was narrow and had sharp curves. Shortly thereafter, the trooper discovered the demolished vehicle against a tree off Orchard Street. Claimant sustained severe injuries as a result of the accident.

Considering the trooper's action as of the time and under the circumstances in which they occurred, and not by subsequent facts or in retrospect (*see, Stanton v State of New York,* 29 AD2d 612, 613, *affd* 26 NY2d 990, 991), and judging his conduct in light of Vehicle and Traffic Law § 1104 (a), (b), (d), (e) and by departmental training (*see, Simmen v State of New York,* 81 AD2d 398, 400, *affd* 55 NY2d 924), we conclude that, as a matter of law, the trooper complied with the prevailing standard of care and his conduct under the known circumstances was not unreasonable (*see, Simmen v State of New York, supra*). We are also of the view that even if the trooper's conduct could be considered unreasonable under the circumstances, there is no evidence in the record to show that such conduct caused or contributed to the happening of the accident in any way (*see, Mitchell v State of New York,* 108 AD2d 1033). The order dismissing the claim should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.