■ THERESA M. KERWIN, Appellant, v COUNTY OF BROOME et al., Respondents, et al., Defendant.—Harvey, J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered January 15, 1987 in Broome County, upon a verdict rendered in favor of plaintiff against defendant Gerald Mangan.

At approximately 9:00 A.M. on Sunday, October 31, 1982, defendant Deputy Sheriff Kenneth F. Billo was on road patrol traveling north on Front Street near Wallace Road in the Town of Chenango, Broome County, when a car which Billo believed was driven by defendant Gerald Mangan passed him. Billo had arrested Mangan about six months earlier and he believed that Mangan was driving with a revoked license. Billo thus turned his patrol car around and activated his siren and lights in an attempt to stop Mangan. Mangan, however, accelerated to speeds in excess of the legal limit as he headed south on Front Street toward the City of Binghamton. Billo pursued Mangan at speeds estimated between 55 and 85 miles per hour for a distance of approximately 2.4 miles to the intersection of Front and Prospect Streets. At the intersection, Mangan turned right and proceeded west on Prospect Street. In attempting to negotiate the turn, Billo's car stalled. He then terminated his high-speed chase, turned off his lights and siren, and proceeded slowly on Prospect Street. Mangan con-

tinued to proceed west on Prospect Street at a high rate of speed. He traveled a distance of approximately 1.3 miles from the place where Billo had terminated pursuit until he ran into the rear of a pickup truck operated by plaintiff.

Plaintiff suffered serious injuries in the accident and subsequently commenced this action against Mangan, Billo and defendants Broome County and the Broome County Sheriff's Department. Extensive testimony was elicited at trial as to the proper police procedure during a high-speed pursuit, including several exhibits revealing police guidelines on the subject. Supreme Court granted a directed verdict against Mangan and the jury set damages at $85,000. As to the remaining defendants, however, the jury returned a verdict of no cause of action. This appeal by plaintiff ensued.

Plaintiff contends that Supreme Court's charge to the jury failed to fully apprise the jury of the standard of conduct to be applied to the acts of a police officer involved in a high-speed pursuit. The conduct to be followed by an officer in such a situation is governed by Vehicle and Traffic Law § 1104 and by the departmental training of the police officer *(Rightmyer v State of New York,* 108 AD2d 1047, 1048; *Simmen v State of New York,* 81 AD2d 398, 400, *affd* 55 NY2d 924). Vehicle and Traffic Law § 1104, which, *inter alia,* authorizes emergency vehicles to exceed the speed limit under certain circumstances, provides in pertinent part that its provisions "shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]). The acts of the police officer are to be considered as of the time and under the circumstances in which they occurred *(Stanton v State of New York,* 26 NY2d 990, 991).

Plaintiff argues that Supreme Court's instruction failed to properly inform the jury that they were to consider Billo's departmental training. The court stated to the jury that "[t]he conduct of a police officer, while in pursuit of another vehicle, is governed by Section 1104 of the Vehicle and Traffic Law *and by the particular departmental training which the officer has received"* (emphasis supplied). Further, the court told the jury to review the exhibits, most of which consisted of departmental guidelines used in Billo's training. Consequently, we find that the jury was adequately apprised of the role of departmental regulations in considering Billo's conduct.

Similarly unpersuasive is plaintiff's argument that the court

erred in instructing the jury that the standard to be used was whether Billo acted with "reckless disregard for the safety of others". This standard, which Supreme Court adequately defined, is consistent with Vehicle and Traffic Law § 1104 and pertinent case law (see, Mitchell v State of New York, 108 AD2d 1033, 1034-1035, lv denied 64 NY2d 611, 1128; Strobel v State of New York, 36 AD2d 485, 488, affd 30 NY2d 629).

Plaintiff also contends that the jury's verdict was against the weight of the credible evidence. While there was undoubtedly sufficient evidence presented that the jury could have found liability on the part of Billo, the county and the Sheriff's Department, we cannot say that its verdict of no cause of action as to these defendants was unsupported by any fair interpretation of the evidence (see, Rowe v Board of Educ., 120 AD2d 850, 851, lv denied 68 NY2d 609). The incident occurred at 9:00 A.M. on a Sunday, a time when there was not much traffic. There was testimony that Front Street from Wallace Road to Prospect Street was not heavily populated and parts of the route were flat, straight and three lanes. Billo was very familiar with this stretch of highway and he used his lights and siren in the chase. The jury could have concluded that Billo terminated the high-speed chase over a mile before the accident occurred. There was conflicting testimony as to whether Billo should have continued to pursue Mangan into the City of Binghamton. Based on the above evidence, we are to uphold the jury's verdict.

Plaintiff's remaining contentions have been considered and found meritless.

Judgment affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.