■ CARMEN C. PALELLA, III, an Infant, by DONNA J. PALELLA, His Parent and Natural Guardian, Respondent, v STATE OF NEW YORK, Appellant.—Weiss, J. Appeal from an order of the Court of Claims (Lyons, J.), entered June 29, 1987, which denied the State's motion for summary judgment dismissing the claim.

Claimant, an infant, seeks to recover damages against the State for serious personal injuries sustained on December 17, 1984 when the automobile in which he was a passenger overturned on State Route 22 in the Town of Austerlitz, Columbia County, while being pursued by State Trooper C. A. Hall. The Court of Claims denied the State's motion for summary judgment, finding, *inter alia,* that questions of fact prevailed as to the reasonableness of Hall's conduct throughout the pursuit. We reach a different conclusion.

This unfortunate incident began on the morning of December 17, 1984 when claimant, then age 14, and several schoolmates, including John R. Bove and Edward Ulmer, Jr., left school without permission *(see, Palella v Ulmer,* 136 Misc 2d 34, 35). The boys proceeded to Ulmer's home and eventually went joyriding in a Pontiac automobile owned by Ulmer's father, with Bove as the driver. During the afternoon, the boys abandoned the car in the Town of Stephentown, Rensselaer County, after it slid into a roadside ditch. The vehicle was discovered in this position and towed to a nearby service station at the direction of the Rensselaer County Sheriff's Department. The boys later saw the Pontiac at the station, resumed unauthorized possession and drove southbound along Route 22, again with Bove at the wheel. The State Police were notified and shortly before 5:00 P.M., Hall, on patrol, observed the vehicle and commenced pursuit, activating his lights and siren. The ensuing chase lasted approximately 15 minutes at

speeds up to 70 miles per hour. During this period, Hall actually lost sight of the Pontiac three times, the first after stopping at a red light. Hall lost visual contact a third time when the Pontiac crested a hill. At this juncture, Hall deactivated his lights and siren but continued along Route 22. The incident concluded when the Pontiac overturned on a curve down that hill. Claimant, who was riding in the back seat, sustained severe injuries. When Hall next observed the Pontiac, the accident had already occurred.

A police officer engaged in the high-speed pursuit of another vehicle must comply with the restrictions set forth in Vehicle and Traffic Law § 1104 and departmental procedures *(Kerwin v County of Broome,* 134 AD2d 812, 813, *lv denied* 71 NY2d 802; *Simmen v State of New York,* 81 AD2d 398, 400, *affd* 55 NY2d 924). While certain emergency privileges are accorded the officer, he must continue to exercise "due regard for the safety of all persons" (Vehicle and Traffic Law § 1104 [e]). The reasonableness of the officer's conduct must be gauged as of the time and under the circumstances in which he acted, not in retrospect *(see, Stanton v State of New York,* 29 AD2d 612, 614, *affd* 26 NY2d 990, 991). Applying these standards, we conclude, as a matter of law, that Hall's conduct was reasonable under all the known circumstances and in accord with the governing standard of care *(see, Rightmyer v State of New York,* 108 AD2d 1047, 1048).

It was clearly proper for Hall to initiate pursuit of the stolen vehicle and to maintain pursuit given the erratic manner in which that vehicle was being operated *(see, Mitchell v State of New York,* 108 AD2d 1033, 1034, *lv denied* 64 NY2d 1128; *Strobel v State of New York,* 36 AD2d 485, 487, *affd* 30 NY2d 629). This was not a continuous high-speed chase for, as indicated, Hall discontinued pursuit on three occasions after losing visual contact. On each occasion, Hall deactivated his siren and lights but continued to proceed south along Route 22. Claimant's suggestion that Hall disregarded departmental procedures by failing to utilize a roadblock as an alternative to pursuit is unpersuasive *(see,* New York State Police Field Manual art 30-B 2 [b] [1]). Hall explained that it was within the station dispatcher's authority to direct a roadblock, not his. Moreover, Hall heard the dispatcher radio another patrol car for assistance, but that vehicle was going in the opposite direction.

Claimant further asserts that Hall was negligent in failing to ascertain that the occupants of the Pontiac were minors, even though he admittedly came "within inches at one point".

The record shows, however, that when Hall came closest to the Pontiac it was already getting dark and that Bove forced him off the road. Hall had little opportunity to discern the age of the occupants. Nor was Hall required to abandon the pursuit simply because the pursued vehicle slowed down whenever he did (cf., Strobel v State of New York, supra, at 488). Since claimant failed to raise any factual inference of reckless disregard for the safety of others on the part of Hall (see, Kerwin v County of Broome, 134 AD2d 812, 813-814, supra), the State was entitled to summary judgment dismissing the claim. In the final analysis, it is evident that the proximate cause of this accident was Bove's erratic operation of the Pontiac, not the manner in which Hall conducted the pursuit (see, Rightmyer v State of New York, 108 AD2d 1047, 1048, supra; Mitchell v State of New York, 108 AD2d 1033, 1035, supra; Stanton v State of New York, 29 AD2d 612, 613-614, supra).

Having so concluded, we need not further determine whether claimant's participation in the car theft would, as a matter of law, preclude his right to recover for the damages sustained (see, Barker v Kallash, 91 AD2d 372, affd 63 NY2d 19).

Order reversed, on the law, without costs, motion granted and claim dismissed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.