■ Colleen McCarthy et al., Appellants, v Luis Fernan-

DEZ, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, the plaintiffs appeal from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered June 9, 1988, as, after a jury trial, is in favor of the defendant Luis Fernandez and against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The record reveals that the plaintiffs were injured when a motor vehicle in which they were passengers and which was being operated by the decedent Edward O'Connell was involved in a head-on collision with an automobile operated by the defendant Luis Fernandez. At trial, the plaintiffs' counsel introduced into evidence a "toxicologic report" prepared in connection with the autopsy of Edward O'Connell in an attempt to demonstrate that the decedent had not been intoxicated at the time of the accident. The report indicated that a liver specimen had been taken from the decedent and tested some three days after the collision. The test revealed the presence of 0.05% ethanol in the decedent's liver tissue.

The plaintiffs contend that the trial court erred in denying their request to charge the jury with respect to Vehicle and Traffic Law § 1195 (2) (a), which provides as follows: "[e]vidence that there was .05 of one per centum or less by weight of alcohol in such person's blood shall be prima facie evidence that the ability of such person to operate a motor vehicle was not impaired by the consumption of alcohol, and that such person was not in an intoxicated condition." We conclude that the trial court acted properly in declining to instruct the jurors as requested. Vehicle and Traffic Law § 1195 and the evidentiary presumptions set forth therein are expressly addressed to cases in which an operator of a vehicle is arrested and prosecuted for a violation of Vehicle and Traffic Law § 1192 (i.e., operation of a motor vehicle while under the influence of alcohol or drugs). No such situation is present in this case. Moreover, the evidentiary presumptions contained in Vehicle and Traffic Law § 1195 (2) (a)-(c) apply only to evidence of "blood-alcohol content" as determined by the testing of a person's breath, blood, urine or saliva pursuant to Vehicle and Traffic Law § 1194.

Similarly unavailing is the plaintiffs' contention that the Trial Judge improperly bolstered the testimony of a disinterested witness. The record demonstrates that the Trial Judge merely made the factually accurate observation that a prior statement of the witness which the plaintiffs' counsel used to

impeach the witness's trial testimony was not necessarily inconsistent with his trial testimony. As such, we discern no impropriety in the Trial Judge's remark.

We have considered the plaintiffs' remaining contentions regarding the Trial Judge's charge and find them to be without merit. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.