■ Hiram Mercado, Jr., Respondent, v Reinaldo Vega, Respondent, and City of New York, Appellant.—Judgment, Supreme Court, Bronx County (Howard Silver, J.), entered on or about January 3, 1989, which, upon a jury verdict, appor-

tioned liability 75% against defendant City of New York and 25% against defendant Reinaldo Vega, and which, upon plaintiff's stipulation in lieu of a new trial on damages, reduced the damage award from $5,000,000 for pain and suffering to $1,000,000 and from $30,000 for medical costs to $14,611, plus interest and costs, is unanimously affirmed, without costs.

During the early morning hours of November 22, 1981, two police officers on radio motor patrol observed a slow-moving Pontiac Grand Prix being driven with its lights off near Bruckner Boulevard on Bronx River Avenue. When one of the officers shouted a remark which allegedly had ethnic overtones in the direction of the Pontiac, its driver, Carlos Vega, made a U-turn and accelerated north on Bronx River Avenue. The officers, who up until this point had only observed a minor traffic infraction, began to pursue, triggering a chase in which Vega raced through a mixed commercial and residential area at speeds of up to 84 miles an hour. Despite the officers' awareness that they could not overtake the Pontiac and that the chase was leading to a curve that the fleeing vehicle would not be able to safely negotiate at high speeds, they continued their pursuit.

Plaintiff's expert testified that this high-speed police chase was in violation of police departmental guidelines. It continued for several minutes, ending only when the Pontiac crashed into a tree near the treacherous curve, killing Vega and seriously injuring his passenger, plaintiff Hiram Mercado, Jr.

A police officer engaged in the high-speed pursuit of another vehicle must comply with the restrictions set forth in Vehicle and Traffic Law § 1104 and departmental procedures. Although certain emergency allowances are accorded to police officers engaged in hot pursuit, due care to ensure the safety of all persons must nevertheless be exercised. (See, Vehicle and Traffic Law § 1104 [e]; Palella v State of New York, 141 AD2d 999, 1000; Kerwin v County of Broome, 134 AD2d 812, 813, lv denied 71 NY2d 802.)

On this record, the jury could readily have found that Carlos Vega's negligent driving and the police officers' high-speed chase of his vehicle were concurrent proximate causes of the injuries sustained by plaintiff. Contrary to the city's contention, Vega's actions were not so remote in time, or extraordinary under the circumstances, as to constitute superceding acts which, as a matter of law, served to break the chain of causation. (See, Derdiarian v Felix Contr. Corp., 51

NY2d 308, 315, *rearg denied* 52 NY2d 784, 829.) Moreover, the court's charge on causation adequately and fairly apprised the jury of the standard of review to be applied, and did not prejudice the defendant city.

We have considered the remaining contentions of the parties and find them to be without merit. Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin, JJ.