■ PATRICK B. DUGAN et al., Respondents, v THOMAS G. LONGO et al., Appellants. (And a Third-Party Action.) (And Another Related Action.)—Harvey, J. Appeal from a second amended judgment of the Supreme Court (Mycek, J.), entered October 25, 1989 in Schenectady County, upon a verdict rendered in favor of plaintiffs on the issue of liability.

On September 24, 1986, both plaintiff Patrick B. Dugan and third-party defendant Charles Adams were assigned to a rescue unit in their capacity as firefighter paramedics with the Schenectady Fire Department. Adams was the driver of the vehicle. At approximately 8:00 A.M. the unit was directed to respond to an emergency. Dugan and Adams proceeded toward the designated place driving east on State Street, a four-lane highway in the City of Schenectady, Schenectady County, with their flashing lights, high beams and both sirens operating. As the emergency vehicle approached the intersection of State Street and Roosevelt Avenue, another eastbound vehicle operated by defendant Thomas G. Longo was stopped at the intersection. At this time, Adams was driving in the middle of the road in accordance with his training.* Since Longo's

---

* Both Adams and Dugan testified that the purpose of driving in the center of the street is twofold. First, this method gives maximum opportunity for defensive maneuvering in traffic and, second, they thereby avoid the right side of the road (in relation to their direction of travel). This, they testified, is necessary because other vehicles on the road are required to move to the right as emergency vehicles pass by (see, Vehicle and Traffic Law § 1144 [a]).

vehicle had the brake lights on, appeared to be stationary and did not display any blinking directional signals, Adams moved his vehicle to the left, off the center line and into the oncoming lane of traffic in order to pass the stopped vehicle. However, as the emergency vehicle began to pass Longo's vehicle, Longo turned left into the path of the emergency vehicle, which struck Longo's car at the driver's door.

Thereafter, Dugan and his wife commenced suit against Longo and the owner of the vehicle Longo was driving seeking money damages for personal injuries sustained by Dugan. Both defendants commenced a third-party suit against Adams and the city, and Longo commenced a separate personal injury action against Adams and the city. The actions were joined for trial which was held on the issue of liability only. Longo settled his claim during trial. Following the close of proof, the jury found that Longo's negligent operation of the vehicle was the proximate cause of the collision and that Dugan and Adams did not operate their emergency vehicle recklessly. Defendants now appeal.

On this appeal, defendants principally contend that Supreme Court improperly charged the jury as to the standard of care required of the operator of an emergency vehicle. We cannot agree. Significantly, defendants do not seriously dispute that Adams was operating an authorized emergency vehicle responding to a legitimate emergency at the time of the accident *(see,* Vehicle and Traffic Law § 101). Accordingly, Supreme Court properly charged the jury with the pertinent provisions of Vehicle and Traffic Law § 1104, which states the privileges available to operators of authorized emergency vehicles who are involved in an emergency situation (such as exceeding the maximum speed limits and disregarding normal regulations regarding the movement of traffic). Vehicle and Traffic Law § 1104 (e) states, however, that the privileges accorded under the statute "shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others" *(see also,* Vehicle and Traffic Law § 1144 [b]).

Consistent with this language and the dictates of case law *(see, e.g., Kerwin v County of Broome,* 134 AD2d 812, 813-814, *lv denied* 71 NY2d 802; *Mitchell v State of New York,* 108 AD2d 1033, 1035, *appeal dismissed* 64 NY2d 1128; *Strobel v State of New York,* 36 AD2d 485, 488, *affd* 30 NY2d 629; *Stanton v State of New York,* 29 AD2d 612, 613, *affd* 26 NY2d

990), Supreme Court charged the jury that it could find against Adams as long as it found that he had operated his emergency vehicle in a "manner more than just ordinarily negligent, that is with a * * * wreckless disregard for the safety of others". Although defendants apparently argue that Vehicle and Traffic Law § 1104 (e) indicates that the standard of care incumbent upon the operator of an emergency vehicle is the same standard of care imposed under ordinary principles of negligence, such an argument is illogical and has been rejected by this court in the past (see, Kerwin v County of Broome, supra; Stanton v State of New York, supra, at 613).

Defendants' remaining challenges to the jury charge have been examined and have been found to be without merit.

Second amended judgment affirmed, with costs to plaintiffs against defendants. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.