Requestor: Hon. Franklin E. White, Commissioner New York State Department of Transportation State Office Campus, Bldg. 5 Albany, N.Y. 12232
Written by: Robert Abrams, Attorney General
An inquiry by your counsel gives rise to the following question. If a person described in Vehicle and Traffic Law § 1103(b) (hereafter, "V 
T") fails to exercise "due regard for the safety of all persons . . ." in utilizing an exemption from any of the "Rules of the Road" set forth in the provisions of V T, does a violation of that provision occur. We conclude a violation does not occur.
Title 7 of the V T, entitled "Rules of the Road", sets forth various provisions and restrictions relating, among other things, to traffic signs and signals, rights of way, turning and stopping, speeding, stopping and parking. The V T has long reflected the need to exempt certain vehicles from Rules of the Road to facilitate the necessary operations of these vehicles. For example, ch 127, L 1941, added section 84 to the 1929 V 
T, from which present V T § 1104 is derived, to provide that red and amber traffic signals shall not apply to ambulances, fire vehicles and police vehicles on emergency trips provided that the vehicles are driven with caution and adequate warning sounded.
Exemptions from various Rules of the Road are contained in V T §§ 1103 and 1104. Section 1103 applies to persons engaged in work on a highway and to hazard vehicles, that is, utility vehicles, towing vehicles, vehicles engaged in highway maintenance and vehicles engaged in snow and ice removal. V T § 117-a. Section 1104 applies to authorized emergency vehicles, that is, an ambulance, police vehicle and fire vehicle, among others. V T § 101.
You have inquired about V T § 1103(b) which provides as follows:
 "(b) Unless specifically made applicable, the provisions of this title [Title 7], except the provisions of sections eleven hundred ninety-two through eleven hundred ninety-six of this chapter [relating to operating a motor vehicle while under the influence of alcohol or drugs], shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway nor shall the provisions of subsection (a) of section twelve hundred two [relating to stopping, standing or parking] apply to hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway but shall apply to such persons and vehicles when traveling to or from such hazardous operation. The foregoing provisions of this subdivision shall not relieve any person, or team or any operator of a motor vehicle or other equipment while actually engaged in work on a highway from the duty to proceed at all times during all phases of such work with due regard for the safety of all persons nor shall the foregoing provisions protect such persons or teams or such operators of motor vehicles or other equipment from the consequences of their reckless disregard for the safety of others."
The second sentence of V T § 1103(b) was added by ch 223, L 1974, and parallels language set forth in V T § 1104(e).
The first sentence of V T § 1103(b) clearly indicates that certain Rules of the Road do not apply. That is, if a person described in § 1103(b) were charged under the V T with a violation of such rule § 1103(b) would constitute an absolute defense to the V T charge and grounds for dismissal (see, People v Emmi, 146 Misc.2d 399, 403-404
[County Ct, Cayuga Co, 1990], involving V T § 1104).
The second sentence of V T § 1103(b) indicates that a person who operates an exempt vehicle with reckless disregard for the safety of others may incur liability in a civil action (see, Dugan v Longo,169 A.D.2d 872 [3d Dept 1991], involving V T § 1104).
The bill jacket for ch 223, L 1974, which added the second sentence of V T § 1103(b), suggests that the purpose of this provision is merely to restate a principle established by common law, that reckless disregard of a Rule of the Road could give rise to a civil law cause of action.See, memoranda by the Department of Transportation ("We believe the subject bill is a fairly accurate statement of court decisions concerning those engaged in work on a highway. . . . The subject bill will probably form the basis for more recoveries against the State. . . ."); the Association of Towns ("We do not think this is a necessary statutory provision. It is common law."); and the New York Conference of Mayors ("We question whether or not the bill changes the law at all. We think that the new language merely states what the courts consider the law today"). There is no indication in the bill jacket that it was the intent of the Legislature that reckless disregard of a Rule of the Road would give rise, in addition to a civil law cause of action, to a charge that a Rule of the Road had been violated. That is, a person described in V T § 1103(b) who with reckless disregard for the safety of others violates a Rule of the Road does not commit a traffic infraction under V T § 1101, but, as a result, may incur liability in a civil law action.