■ JANET MARIGLIANO, Respondent, v CITY OF NEW YORK, Respondent-Appellant, and MARGARET EICHLER, Defendant and Third-Party Plaintiff-Appellant-Respondent. EDWARD J. EICHLER, Third-Party Defendant-Appellant-Respondent. [601 NYS2d 161] —In an action to recover damages for wrongful death, (1) the defendant Margaret Eichler and the third-party defendant Edward J. Eichler appeal from so much of a judg-

ment of the Supreme Court, Queens County (Nahman, J.), dated August 23, 1991, as, upon a jury verdict, found them to be 70% at fault in the happening of the accident and is in favor of the plaintiff and against them in the principal sum of $2,500,000, and (2) the defendant City of New York cross-appeals from so much of the same judgment as found it to be 30% at fault in the happening of the accident and is in favor of the plaintiff and against it in the principal sum of $2,500,000.

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law and the facts and as a matter of discretion, without costs or disbursements, and (1) a new trial is granted to the defendant Margaret Eichler and the third party defendant Edward J. Eichler on the issue of their fault in the happening of the accident, and (2) a new trial is granted to the defendant City of New York on the issue of damages only, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation signed by the plaintiff consenting to decrease the award of damages from the principal sum of $2,500,000 to the principal sum of $500,000 and to the entry of an amended judgment accordingly; and it is further,

Ordered that in the event the plaintiff so stipulates, then the judgment is affirmed insofar as cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment in favor of the plaintiff and against the defendant City of New York, plus interest at the rate of 6% per annum from April 24, 1990, on all lump sum payments.

On November 8, 1987, at approximately 11:00 P.M., the decedent was a passenger in a motor vehicle owned by the defendant Margaret Eichler and driven by her son, the third-party defendant Edward J. Eichler. Upon entering an intersection, their car was struck in the passenger side by a fire truck owned by the defendant City of New York and operated by the defendant Daniel Sotelo. Through the candid admissions of both firefighters in the fire truck as well as through the testimony of several civilian witnesses, it was established that the fire truck accelerated through a red light without stopping until it came into contact with the Eichler vehicle. The decedent was killed almost instantly.

We find that the apportionment of 70% of the fault to the

Eichlers may have been the result of several trial errors and thus we remit the matter for a new trial on the issue of their fault in the happening of the accident.

Upon his arrival at the hospital, Edward J. Eichler was given a blood level alcohol test which indicated a reading of .0439%. Had this been a prosecution under the Vehicle and Traffic Law, the court would have been obliged to instruct the jury that a blood level alcohol reading under .05% constituted prima facie proof that Edward J. Eichler's ability to operate a motor vehicle was not impaired (see, Vehicle and Traffic Law § 1195 [2] [a]; McCarthy v Fernandez, 156 AD2d 544). As this was not a criminal prosecution, the court was not required to so charge. However, we find that reversible error was committed in the admission of this evidence absent any proof as to the test's authentication, satisfactory care in the collection of the sample, its analysis, or in the chain of custody (see, Matter of Nyack Hosp. v Government Empls. Ins. Co., 139 AD2d 515).

Further error was committed when the court permitted the City to introduce and comment on ambulance reports containing hearsay notations referring to an odor of alcohol on Edward J. Eichler's breath, particularly in summation (see, Mercedes v Amusements of Am., 160 AD2d 630; Grcic v City of New York, 139 AD2d 621). Based upon this improperly admitted evidence, about which the court never instructed the jury as to its significance, it appears that the jury may have erroneously concluded that Edward J. Eichler was intoxicated and this may be the reason for the jury's apportionment of 70% of the fault in the happening of the accident to him. Based upon this trial error, the judgment against the Eichler defendants must be reversed in its entirety.

The court properly admitted evidence of the work regulations of the New York City Fire Department as to the care to be taken by emergency vehicles when entering an intersection against a red light. A failure to abide by departmental rules may be offered as some evidence of negligence or a failure to exercise reasonable care (see, Haber v Cross County Hosp., 37 NY2d 888; Danbois v New York Cent. R. R. Co., 12 NY2d 234; McCormack v Mount Sinai Hosp., 88 AD2d 947). Evidence of the rules was introduced, not to indicate that a higher standard of care which was required, but because it tended to reinforce the plaintiff's theory that the defendant Daniel Sotelo failed to exercise due caution upon his approach to the intersection. However, after evidence of the rules was properly introduced, the court should have instructed the jury as to their significance. Operators of emergency vehicles must com-

ply with the restrictions set forth in Vehicle and Traffic Law § 1104 as well as departmental procedures (see, *Palella v State of New York,* 141 AD2d 999; *Kerwin v County of Broome,* 134 AD2d 812).

Although that error alone would not require a new trial on the issue of liability, prejudicial error was also committed when the court charged the jury with respect to the proper maximum speed to be maintained while operating a motor vehicle in the City of New York (see, Vehicle and Traffic Law § 1180), since there was no evidence of a violation thereof. The trial court's instructions to the jury should state the law applicable to the facts of the case (see, *Hardy v Sicuranza,* 133 AD2d 138; *Christoforou v Lown,* 120 AD2d 387; *Auer v Beinstock,* 104 AD2d 350; *Bender v Nassau Hosp.,* 99 AD2d 744; *Wilmot v City of New York,* 73 AD2d 201). The evidence did not support a finding of speeding on the part of any of the parties. Therefore, this instruction merely permitted improper speculation by the jury.

In wrongful death cases, an award of damages is limited to the fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought (see, EPTL 5-4.3). Generally, evidence of a decedent's gross income at the time of death is the standard with which to measure the value of income already lost and to measure the loss of future earnings (see, *Gonzalez v New York City Hous. Auth.,* 77 NY2d 663; *Johnson v Manhattan & Bronx Surface Tr. Operating Auth.,* 71 NY2d 198). Pursuant to CPLR 5501 (c), the standard of review of an award is whether it deviates materially from what would be reasonable compensation. In the instant case, we find that, based on the facts, including the decedent's income and her future aspirations, the $2,500,000 wrongful death award deviates materially from what would be deemed reasonable compensation.

Although there was trial testimony that the 24-year-old decedent resided with her parents, was employed at a salary of $500 weekly at her last job, and contributed $100 per week to her parents' household expenses, it was unreasonable to assume that such a state of affairs would have lasted indefinitely into the future. Common human experience teaches us that, in the normal course of events, a young person would sooner or later leave home and, in this case, there was evidence that the decedent and the third-party defendant Edward J. Eichler were contemplating marriage. Thus, while the decedent still may have assisted her parents financially,

the amount of assistance awarded could not reasonably be expected to reach the amount awarded *(see, Costarelli v Gurino,* 170 AD2d 431; *Williams v City of New York,* 169 AD2d 713; *Rowan v County of Nassau,* 91 AD2d 608). An award of $500,000 would have been appropriate.

With respect to the form of the verdict, we note that CPLR 5004 limits the rate of interest on an award to 9% and General Municipal Law § 3-a (2) limits interest on a wrongful death award payable by a municipality to 6%. The judgment herein provided for the payment of 15% which is contrary to law. As such, the judgment requires modification to the extent indicated.

In light of our determination, we decline to address the remaining contentions set forth by the Eichlers on appeal. Sullivan, J. P., Eiber, Pizzuto and Joy, JJ., concur.