■ VICKY L. SAARINEN, Appellant, v CHRISTOPHER A. KERR, Appellant, and VILLAGE OF MASSENA, Respondent. [606 NYS2d 55] —Crew III, J. Appeal from an order of the Supreme Court (Duskas, J.), entered October 29, 1992 in St. Lawrence County, which granted defendant Village of Massena's motion for summary judgment dismissing the complaint and cross claims against it.

On the evening of March 4, 1988, Village of Massena Police Officer Ted McGown observed an automobile owned and operated by defendant Christopher A. Kerr fishtailing and squealing its tires. McGown proceeded to follow the Kerr vehicle and, as he did so, observed the Kerr vehicle run a stop sign at approximately 30 miles per hour. At that point, McGown activated the emergency lights on his marked police cruiser and, when Kerr failed to pull over, activated the siren as well. Shortly thereafter, McGown observed the Kerr vehicle run a red light at the intersection of State Route 37 and South Main Street. As McGown reached for his microphone to radio for assistance, he heard a crash and later determined that the Kerr vehicle had collided with a vehicle owned and operated by plaintiff.

Plaintiff thereafter commenced this personal injury action against defendant Village of Massena and Kerr alleging, *inter alia,* that the Village failed to adequately train McGown in pursuit driving. Following joinder of issue and discovery, the Village moved for summary judgment dismissing all claims against it. Supreme Court granted the motion, finding that plaintiff and Kerr failed to raise a question of fact as to whether McGown acted in reckless disregard of the safety of others and, in any event, that the proximate cause of the plaintiff's injuries was Kerr's "erratic and illegal driving". This appeal ensued.

It is well settled that "[a] police officer engaged in the high-speed pursuit of another vehicle must comply with the restrictions set forth in Vehicle and Traffic Law § 1104 and departmental procedures" *(Palella v State of New York,* 141 AD2d 999, 1000; *see, Mercado v Vega,* 161 AD2d 365, 366, *revd on other grounds* 77 NY2d 918; *Kerwin v County of Broome,* 134 AD2d 812, 813, *lv denied* 71 NY2d 802). In that regard,

Vehicle and Traffic Law § 1104 confers upon the operators of authorized emergency vehicles who are involved in an emergency situation certain privileges, such as exceeding the maximum speed limit and disregarding normal regulations governing the movement of traffic (see, Vehicle and Traffic Law § 1104 [b] [3], [4]). The statute further provides, however, that the privileges afforded thereunder "shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]).

At all times relevant hereto, the Village had in effect a written policy governing high-speed pursuits initiated by its police officers. In accordance with this policy, the officer is to weigh and consider a number of factors before deciding to pursue a particular vehicle, including the nature of the violator's offense, the road, weather and traffic conditions then existing, the time of day, the population of the surrounding area and the safety of other motorists and pedestrians. The Village's policy specifically provides that "[a] traffic infraction alone does not justify the risks of a high-speed pursuit".

After reviewing this policy and the record before us, we are persuaded that there must be a reversal. McGown testified at his examination before trial that he decided to pursue Kerr based upon three alleged traffic infractions and that at the time he initiated the pursuit the roads were wet. The record further indicates that the accident occurred sufficiently early on a Friday evening (10:00 P.M.) that other vehicular traffic could be expected; indeed, McGown testified that immediately prior to the collision, he noticed traffic in the area and was aware that the Kerr vehicle was traveling toward a highly populated area. Additionally, although the Village questions whether the pursuit could be fairly characterized as "high speed", McGown acknowledges that shortly before the accident his vehicle was approaching speeds of 60 miles per hour while traveling in a 35 mile-per-hour zone.

We are of the view that this testimony, coupled with the affidavit submitted by plaintiff's expert, is sufficient to raise a question of fact as to whether McGown, in electing to pursue the Kerr vehicle under the circumstances then existing, acted in reckless disregard for the safety of others (see generally, Dugan v Longo, 169 AD2d 872; Kerwin v County of Broome, 134 AD2d 812, supra; cf., Palella v State of New York, 141 AD2d 999, supra). We are similarly persuaded that a question

of fact exists as to the adequacy of the underlying pursuit policy and McGown's training in that regard. Finally, we conclude that Supreme Court erred in determining, as a matter of law, that the sole proximate cause of the accident was Kerr's operation of his vehicle. Accordingly, Supreme Court's order must be reversed and the Village's motion for summary judgment denied.

Yesawich Jr. and White, JJ., concur.

Casey, J. (dissenting). Based upon our review of the record, we agree with Supreme Court's conclusion that, as a matter of law, the sole proximate cause of the accident was the erratic and illegal driving of defendant Christopher A. Kerr and not any reckless disregard for the safety of others by Officer Ted McGown (see, Palella v State of New York, 141 AD2d 999, 1001; see also, Stanton v State of New York, 29 AD2d 612, affd 26 NY2d 990). The order should, therefore, be affirmed.

Mikoll, J. P., concurs. Ordered that the order is reversed, on the law, with one bill of costs, and motion denied.