■ NADINE FRIEL, Respondent, v TOWN OF BRIGHTON et al., Appellants. [615 NYS2d 207] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when the car she was driving was struck by a riderless motorcycle that, immediately before the collision, had been operated by Peter Morley. The collision occurred in the intersection of Elmwood Avenue and South Winton Road in the Town of Brighton. The complaint alleged that, at the time of the accident, a Brighton police officer was negligently engaged in a high-speed chase of the motorcycle. The complaint further alleged that, at the same time, another Brighton police officer, who was present near the intersection in a marked police car, failed to monitor traffic in or near the intersection.

Supreme Court erred in denying defendants' motion for summary judgment. We conclude that the undisputed facts in the record establish that, at the time of the accident, no Brighton police officer was engaged in a high-speed chase of the motorcycle. Moreover, assuming that such a chase were in progress, the officer's conduct, viewed at the time and under the circumstances in which the officer acted, and not in retrospect, was reasonable and did not show a reckless disregard for the safety of others as a matter of law (see, Vehicle and Traffic Law § 1104; Palella v State of New York, 141 AD2d 999, 1000; Kerwin v County of Broome, 134 AD2d 812, 813, lv

*denied* 71 NY2d 802; *Rightmyer v State of New York,* 108 AD2d 1047, 1048; *Mitchell v State of New York,* 108 AD2d 1033, 1034, *appeal dismissed* 64 NY2d 1128). Additionally, the undisputed facts in the record establish that the sole proximate cause of the accident was the manner in which the motorcyclist operated his motorcycle.

We conclude that there is no factual support in the record for plaintiff's general and conclusory allegation that the officer located at the intersection where the accident occurred was negligent in failing to monitor traffic in or near the intersection. Lastly, under the circumstances of this case, it cannot be said that the officer's failure to act, even assuming that such failure constitutes negligence, was a proximate cause of the accident. (Appeal from Order of Supreme Court, Monroe County, Kehoe, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.