■ EDWARD PAIGE, JR., Plaintiff, v ERNEST ROCCO, Defendant. (Action No. 1.) EDWARD PAIGE, JR., Respondent, v JAMES MARRONE, Defendant and Third-Party Plaintiff-Appellant. ERNEST ROCCO, Third-Party Defendant-Respondent. (Action No. 2.) [625 NYS2d 577] —In related actions to recover damages for personal injuries, James Marrone appeals from so much of an interlocutory judgment of the Supreme Court, Nassau County (Rossetti, J.), entered April 8, 1992, as, upon a jury verdict on the issue of liability finding the appellant 20% at fault in the happening of the accident and the defendant Ernest Rocco 80% at fault in the happening of the accident, was in favor of the plaintiff and against the appellant.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, with costs, the complaint is dismissed insofar as it is asserted against the appellant, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate interlocutory judgment finding that the defendant Ernest Rocco was 100% at fault in the happening of the accident.

On April 6, 1985, at approximately 10:30 P.M., the defendant Ernest Rocco was driving his automobile eastbound on the Southern State Parkway. The plaintiff, Edward Paige, Jr., was seated in the front passenger seat. It is undisputed that the appellant, State Trooper James Marrone, repeatedly directed Rocco to pull over and that Rocco ignored the appellant's directions. In an attempt to get Rocco to pull over, the appellant pulled in front of Rocco's automobile in order to cause Rocco to slow down. Rocco's automobile struck the appellant's car in the rear, causing the appellant to spin off onto the shoulder of the parkway. Rocco then sped from the

scene, cutting across the highway, and accelerating to a speed of approximately 90 miles per hour. Shortly thereafter, Rocco's automobile struck the Bethpage State Parkway overpass, spun off the road, and struck a tree. The plaintiff was rendered a quadriplegic as a result of the accident.

Rocco subsequently pleaded guilty to reckless endangerment in a criminal action stemming from the accident. In the subject civil action against Rocco and the appellant, the jury found the appellant 20% at fault in the happening of the accident.

Under the circumstances of this case, however, we conclude as a matter of law that the appellant's conduct was not a proximate cause of the accident *(see, Rightmyer v State of New York,* 108 AD2d 1047; *cf., Mercado v Vega,* 77 NY2d 918). Assuming that the appellant was negligent, the accident was caused by Rocco's reckless driving rather than the appellant's conduct *(see, e.g., Mullane v City of Amsterdam,* 212 AD2d 848; *Palella v State of New York,* 141 AD2d 999).

In light of our determination, we need not address the appellant's remaining contentions. Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.