■ SAMUEL PLOTKIN et al., Appellants-Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent-Appellant. [633 NYS2d 585] —In an action to recover damages for wrongful death, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Levine, J.), dated June 13, 1994, as granted the branch of the defendant's motion which was to set aside the jury verdict to the extent of ordering a new trial on damages unless the plaintiffs stipulated to a reduction of the pecuniary damages awarded to the decedent's distributees from the principal sum of $41,000,000 to the principal sum of $2,900,000 and the defendant cross-appeals from stated portions of the same order which, *inter alia,* granted the plaintiffs' cross motion to set aside the verdict to the extent of ordering a new trial on damages unless the defendant stipulated to increase the award for past pain and suffering from the principal sum of $17,000 to the principal sum of $100,000, and denied the branch of the motion which was to set aside the verdict on the ground of trial error.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The 38-year-old decedent died due to severe internal bleeding related to an ectopic pregnancy. On the eve of trial, the defendant conceded liability based on the actions of hospital and emergency medical services personnel. Following the trial on damages, the jury awarded the plaintiffs, *inter alia,* the sum of

$41,000,000 for economic loss to the decedent's husband and five children and $17,000 for past pain and suffering. The defendant moved to set aside the verdict based on alleged trial errors and on the ground that the award for economic loss was excessive. The plaintiffs cross-moved to set aside the verdict for past pain and suffering as inadequate. The court granted the defendant's motion for a new trial unless the parties consented to a reduction of the award for economic loss from $41,000,000 to $2,900,000 and granted the plaintiffs' cross motion unless the parties consented to increase the award for past pain and suffering from $17,000 to $100,000.

In a wrongful death action, an award of damages is limited to the fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought (see, EPTL 5-4.3). The standard of review of an award is whether it deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]; *Marigliano v City of New York,* 196 AD2d 533, 536; *Shurgan v Tedesco,* 179 AD2d 805, 806).

We agree with the trial court that the jury award of $41,000,000 for economic loss deviated materially from what was reasonable under the circumstances. The standard by which to measure the value of past and future lost earnings is the decedent's gross income at the time of death (see, *Johnson v Manhattan & Bronx Surface Tr. Operating Auth.,* 71 NY2d 198; *Marigliano v City of New York, supra).* The decedent's earnings were, and would likely have remained relatively low. However, the record also includes evidence regarding the decedent's relationship with her five children, the youngest of whom was four years old at the time of her death. The loss of parental nurture and care, as well as physical, moral, and intellectual training, may also be included in determining pecuniary injury (see, *Kenavan v City of New York,* 120 AD2d 24, *affd* 70 NY2d 558). Under the circumstances, we find that the damages for pecuniary injury, as reduced by the trial court, were appropriate and reject the defendant's contention that such damages should be reduced further. We further note that, contrary to the defendant's contention, the trial court properly instructed the jury with respect to pecuniary damages (see, PJI 2:320 [1996 Supp]).

The trial court did not err in determining that the jury's award of $17,000 for conscious pain and suffering deviated materially from what would be reasonable compensation and by increasing the award to $100,000 in light of the testimony concerning the pain the decedent suffered prior to and on the day of her death.

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.