◼ FRANK FAPPIANO et al., Respondents, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [739 NYS2d 436] —In an action to recover dam-

ages for personal injuries, etc., the defendant New York City Housing Authority appeals from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated May 2, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

Two officers of the defendant New York City Housing Authority pursued a stolen vehicle and attempted to cut it off at an intersection. The driver of the stolen vehicle put it into reverse, drove backwards up the exit ramp to the Belt Parkway, made a 180 degree turn, and proceeded eastbound in the westbound lanes. An audiotape of police communications indicates that the officers immediately called for help, and acknowledged that they had lost sight of the stolen vehicle. Almost immediately thereafter, the stolen vehicle collided with the plaintiff's vehicle.

Under the circumstances of this case, we conclude, as a matter of law, that the officers' conduct was not a proximate cause of the accident. The sole proximate cause of the accident was the unforeseen and depraved recklessness of the driver of the stolen vehicle (*see Paige v Rocco,* 214 AD2d 662). Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.