In an action to recover damages for wrongful death, etc., the defendants City of New York, John Doe #1, and John Doe #2 appeal from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated February 23, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the appellants’ motion for summary judgment dismissing the complaint insofar as asserted against them is granted.
On the evening of October 27, 1995 an Oldsmobile collided with the vehicle of the plaintiffs’ decedent Junior Nurse and crashed into a bodega at the intersection of Vermont and Livonia Avenues in Brooklyn. Prior to the accident, the Oldsmobile, which had been stolen, had been pursued for more than one-half mile by two police officers. However, the pursuit ended when the officers lost sight of the vehicle on Linden Boulevard.
*443 The plaintiffs commenced this action to recover damages, inter alia, for wrongful death alleging, among other things, that the officers, designated as John Doe #1 and John Doe #2, acted with reckless disregard for the safety of others and thereby caused the decedent’s death. The Supreme Court denied the appellants’ motion for summary judgment dismissing the complaint insofar as asserted against them. We reverse.
A police officer’s conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured third party unless the officer acted with reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104 [e]; Saarinen v Kerr, 84 NY2d 494, 501 [1994]; Williams v City of New York, 240 AD2d 734 [1997]; Powell v City of Mount Vernon, 228 AD2d 572 [1996]). This “reckless disregard” standard requires evidence that the officer must have “intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome” (Saarinen v Kerr, 84 NY2d at 501 [internal quotation marks omitted]).
Contrary to the conclusion reached by the Supreme Court, the appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that the police officers involved in the pursuit of the stolen Oldsmobile did not act with reckless disregard for the safety of others. In any event, the proximate cause of the accident was the independent recklessness of the driver of the Oldsmobile, and not the police officers’ conduct in initiating the pursuit of the Oldsmobile (see Jessop v City of Niagara Falls, 247 AD2d 902, 903 [1998]; Dibble v Town of Rotterdam, 234 AD2d 733, 736 [1996]; Paige v Rocco, 214 AD2d 662, 663 [1995]). The officers both testified at their depositions that the pursuit ended when they lost sight of the vehicle prior to the accident and that, when they heard through a radio transmission that the Oldsmobile was involved in an accident, it took them between 10 and 15 minutes to get to the accident scene. In opposition, the plaintiffs failed to raise a triable issue of fact. Under these circumstances, the appellants’ motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted (see Saarinen v Kerr, 84 NY2d at 494; Young v Village of Lynbrook, 234 AD2d 455 [1996]; Rightmyer v State of New York, 108 AD2d 1047, 1048 [1985]).
In light of our determination, we need not address the plaintiffs’ remaining contention. Spolzino, J.E, Ritter, Santucci and Garni, JJ., concur.